UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MICHAEL MURRAY,

                        Petitioner,                                           **ORDER**

      -against-                                                             16-CV-3222 (NGG)

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

      -against-                                                              03-CR-1332 (NGG)

MICHAEL MURRAY,

                        Defendant.
-----------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On June 17, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence following Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. to Vacate (Dkt. 41).)[1] The Government does not oppose Petitioner's Motion. (Resp. (Dkt. 43).)[2] For the following reasons, Petitioner's Motion is GRANTED.

On September 16, 2005, Petitioner pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Sept. 16, 2005, Min. Entry (Dkt. 25); Indictment (Dkt. 7).) A conviction under this provision normally carries a maximum punishment of 10 years' imprisonment. See 18 U.S.C. § 924(a)(2). However, the punishment is increased to a 15-year minimum term under the Armed Career Criminal Act ("ACCA") where a

---

[1] All citations to court documents in this Order refer to the docket for case number 03-CR-1332.

[2] The Government also requested that Petitioner be temporarily released for a scheduled bail hearing on August 1, 2016, which the court granted. (Order (Dkt. 44).) Petitioner was released on his own recognizance on August 1, 2016. (Order Setting Conditions of Release (Dkt. 46).)

1

defendant is found to have three prior convictions for a "violent felony" and/or "serious drug offense." See id. § 924(e)(1). ACCA defines a violent felony as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

Id. § 924(e)(2)(B) (emphasis added). Subsection (i) is referred to as ACCA's "force clause." "Burglary, arson, or extortion" of subsection (ii) is known as the "enumerated-offenses clause," while the closing words of subsection (ii), emphasized above, are known as the "residual clause."

On May 19, 2006, the court sentenced Petitioner to the 15-year mandatory minimum term under ACCA, based on Petitioner's prior New York state convictions for: (1) attempted burglary in the third degree on March 4, 1980; (2) burglary in the second degree on July 22, 1983; (3) attempted robbery in the second degree (subsection one) on July 22, 1983; (4) attempted robbery in the second degree (subsection two) on May 5, 1987; and (5) robbery in the first degree on May 27, 1987. (See J. (Dkt. 32); Mot. to Vacate at 5; Resp. at 1-2.)

Petitioner argues that, in light of Johnson and the Second Circuit's recent decision in United States v. Jones, No. 15-CR-1518, 2016 WL 3923838, at *5 (2d Cir. July 21, 2016), he no longer has the requisite three violent felony convictions that would justify a 15-year prison sentence under ACCA. (See Mot. to Vacate at 5.) The Government agrees (Resp. at 1-2), as does this court.

On June 26, 2015, the Supreme Court held that ACCA's residual clause was unconstitutionally vague and that imposing an increased sentence under the clause violates the Constitution's guarantee of due process. See Johnson, 135 S. Ct. at 2563. Johnson announced a new "substantive rule that has retroactive effect in cases on collateral review." Welch v. United

2

States, 136 S. Ct. 1257, 1268 (2016). Accordingly, Petitioner's prior convictions cannot qualify as violent felonies via the residual clause.

Three of Petitioner's five prior convictions must therefore qualify as violent felonies through either the force clause or the enumerated-offenses clause in order to trigger the ACCA's 15-year mandatory minimum. As to the former, the Supreme Court has held that "physical force" as used in ACCA's force clause requires "violent force," and does not include a lesser amount of force. See Johnson v. United States, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." (emphasis in original)). The Second Circuit recently confirmed that New York's third-degree robbery, defined as "forcibly stealing," does not include as an element the kind of violent physical force that would qualify it as a violent felony under ACCA. See Jones, 2016 WL 3923838, at *5.

In light of Jones, the Government concedes, and the court agrees, that Petitioner's July 22, 1983, conviction for attempted second-degree robbery, defined as "forcibly steal[ing] property and . . . aided by another person actually present," N.Y. Penal Law § 160.10(1), is not a violent felony. (Resp. at 2.) The Government further acknowledges that Petitioner's March 4, 1980, conviction for attempted third-degree burglary, defined as "knowingly enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein," N.Y. Penal Law § 140.20, also is not a violent felony. (Resp. at 2.) Third-degree burglary in New York does not require the use of violent force to implicate ACCA's force clause, and it is defined more broadly than the generic burglary listed in the enumerated offenses clause. (Id.) See also United States v. Lynch, 518 F.3d 164, 170 n.8 (2d Cir. 2008). The Government additionally accepts that it

3

cannot establish through documents listed in Shepard v. United States, 544 U.S. 13 (2005), that Petitioner's July 22, 1983, conviction for second-degree burglary is a violent felony. (Resp. at 2.) Because three of Petitioner's five prior convictions do not qualify as violent felonies, his sentence of 15 years' imprisonment pursuant to ACCA cannot stand.

Absent Petitioner's Armed Career Criminal designation, his statutory maximum sentence would have been 10 years' imprisonment and 3 years of supervised release. See 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2). At the time of his motion, Petitioner had served more than 10 years in prison. (Resp. at 1.) Accordingly, the court GRANTS Petitioner's Motion, VACATES Petitioner's sentence, and RESENTENCES him to time served with a 3-year term of supervised release. The court will issue an amended judgment shortly.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

4